UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA ERAZO, <br><br>          Plaintiff, <br><br>      v. <br><br> IGH RESTORATION LLC., <br>   JOSE ADORNO, Individually, and <br>   MASAEL CRUZ, Individually, <br><br>          Defendants. | 23 Civ. 3982 (DEH) <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

DALE E. HO, United States District Judge:

Plaintiff Maria Erazo brings claims for sexual harassment and gender discrimination against Defendants IGH Restoration LLC ("IGH"), Jose Adorno, and Masael Cruz pursuant to Title VII of the Civil Rights Act and the New York City Human Rights Law. Before the Court is Defendants' motion for summary judgment on Plaintiff's Title VII claims pursuant to Rule 56.[1] For the reasons stated below, the motion is **DENIED**.

## BACKGROUND

On May 12, 2023, Erazo filed a Complaint in this Court alleging, among other claims, discrimination on the basis of gender and retaliation by IGH under Title VII of the Civil Rights Act. Compl. ¶¶ 46-51, ECF No. 1. Erazo alleges that she experienced sexual harassment by Defendant Cruz and was terminated by IGH shortly after she disclosed the harassment to another employee, who reported it to IGH's owner, Defendant Adorno. *Id.* ¶¶ 19-32. Erazo's allegations concern the period from April 8, 2021 to June 8, 2021, during which she was employed as a painter by IGH. Pl.'s Opp. to Defs.' 56.1 Statement ("Pl.'s SUF") ¶ 2, ECF No. 56; Compl. ¶ 16.

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

Following discovery, Defendants moved for partial summary judgement on the grounds that IGH was not an employer under Title VII. Defs.' Mot. Summ. J., ECF No. 53. Defendants argue that because they did not have "'at least 15 employees for each workday in 20 or more calendar workweeks during the year of the Relevant Time Period or the preceding calendar year, as required to [be] considered an 'employer'" under the statute, Erazo's Title VII claims must be dismissed. Defs.' Mem. Supp. Mot. Summ. J. at 4, ECF No. 54. Erazo disputes the factual basis for this argument and opposes the motion. Pl.'s Mem. Opp'n, ECF No. 55.

## LEGAL STANDARDS

Summary judgment is required where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2] The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23).

Once the moving party has met its burden, the non-moving party must advance more than a "scintilla of evidence." *Anderson*, 477 U.S. at 252. The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996). In ruling on a motion for summary judgment,

---

[2] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

the court must view all evidence "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Johnson*, 680 F.3d at 236.

## DISCUSSION

Under Title VII of the Civil Rights Act, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b); *see also Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 212 (1997) (explaining that "the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year"). In evaluating the actual number of employees, "all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure." *Arculeo v. On-Site Sales & Mktg., LLC*, 321 F.Supp.2d 604, 607 (S.D.N.Y. 2004).

In order to meet their burden on summary judgement, Defendants must show that there is no genuine dispute of material fact as to IGH's categorization as an employer. Put differently, in order to grant summary judgment, this Court must evaluate the record and, while making reasonable inferences in favor of Erazo, conclude that no reasonable jury could find that IGH is an employer under Title VII.

The record does not support such a conclusion. In support of their motion, Defendants present the affidavit of IGH's accountant stating that, according to payroll records, IGH "did not have 15 or more employees work for each workday in 20 or more calendar workweeks" at the relevant times. Ginez Decl. ¶ 4, ECF No. 54-2. But that statement is contradicted elsewhere in

3

the record.  For example, in response to Plaintiff's first set of interrogatories, Defendants themselves stated that IGH maintained "[a]pproximately 30" employees from 2020 to 2021.  Defs.' Resp. & Obj. Pl.'s First Set of Interrogatories at 5, ECF No. 57-5.  Further, in supporting their claim that they had fewer than 15 employees, Defendants do not present any records of cash payroll, *see* Ginez Decl, but Erazo states that she and other employees were paid in cash, Pl.'s SUF ¶ 1.  Indeed, Erazo notes that although Defendants do not dispute that she was an employee, her name does not appear in their payroll records.  *Id.*  Erazo states in her affidavit that "[t]here were more than fifteen people waiting in line with [her] every pay day" to receive their cash payments.  Erazo Aff. ¶ 13, ECF No. 57-4.  These inconsistencies create a genuine dispute of material fact as to the number of employees IGH had at the relevant times.

The Court finds that Defendants have not met their initial burden of demonstrating the absence of a genuine issue of material fact, and in opposition, Erazo has identified evidence from which a reasonable jury could infer that IGH qualifies as an employer under Title VII.

## CONCLUSION

For the reasons stated above, Defendant's motion for partial summary judgment is **DENIED** as to Plaintiff's Title VII claims.

The Clerk of Court is respectfully requested to terminate ECF No. 53.

SO ORDERED.

Dated: August 8, 2025

New York, New York

                                              DALE E. HO
                                    United States District Judge